UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE EMERICK, | ) |
|     Plaintiff, | ) ) ) |
| v | ) No. 3:16-cv-788 ) |
| WOOD RIVER-HARTFORD SCHOOL DISTRICT 15, | ) **PLAINTIFF DEMANDS** ) **JURY TRIAL** ) |
|     Defendant. | ) |

# COMPLAINT

*Americans with Disabilities Act Disability Discrimination
and Failure to Accommodate*

COMES NOW the Plaintiff, JANE EMERICK, by and through her undersigned attorneys, and for her Complaint against defendant, WOOD RIVER-HARTFORD SCHOOL DISTRICT 15, states:

1. This action is brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C.S. §12101 et seq. and the ADA Amendments Act of 2008.

2. Jurisdiction and venue are proper in this Court pursuant to this Court's Federal Question Jurisdiction, 28 USC §1331, as this matter is brought pursuant to the federal law known as the ADA and the discriminatory acts alleged herein occurred in this judicial district; explaining further plaintiff states:

    a. Plaintiff filed a timely charge of disability discrimination with the EEOC on or about November 3, 2015 - EEOC charge number 560201501901;

    b.    A Notice of Right to Sue was issued on April 15, 2016 by the U.S. Department of Justice, Civil Rights Division; plaintiff files suit within the 90-day window provided by law for bringing suit in federal court;

    c.    The unlawful employment practices and illegal discrimination alleged herein occurred in Madison County, Illinois, which is an Illinois county in the judicial circuit which comprises the Southern District of Illinois.

3.    Defendant Wood River-Hartford School District 15 is an employer as that term is used in the ADA, and defendant is required by the ADA to comply with the statutory requirements of the ADA.

4.    Plaintiff is employed by defendant and has worked in defendant's employ for approximately 16 years.

5.    Plaintiff has been diagnosed with multiple sclerosis (MS).

6.    As a result of MS as experienced by plaintiff, plaintiff has one or more impairments that prevent plaintiff's body from functioning normally. As a result of the impairments experienced by plaintiff, plaintiff is substantially limited in the major life activities of caring for herself, performing manual tasks, walking, standing, opening and closing doors, going up and down stairs, and lifting. [See 42 U.S.C. § 12102(2)(A)]

7.    Plaintiff was required to take a fitness for duty exam in July 2013. Defendant's stated reason for requiring plaintiff to take a fitness for duty exam was defendant's purported concern regarding plaintiff walking and standing without falling; two other employees who did not have MS but who fell during the same year were not required to take fitness for duty exams.

8. In August 2013 and throughout the next year, plaintiff was subjected to daily or near-daily humiliations, including, inter alia:

    a. Lack of access to a handicapped-accessible bathroom and the related implications and repercussions of not having full access to a handicapped-accessible bathroom;

    b. Being excluded from participation in staff meetings, including a weekly staff meeting, due to defendant's failure to provide basic equipment which would permit plaintiff to access meeting areas;

    c. Being excluded from participation in student activities held in school locations inaccessible to plaintiff due to defendant's failure to provide basic equipment and reasonable accommodations;

    d. Having restricted access to her job site due to defendant's failure to provide basic equipment and reasonable accommodations that would permit plaintiff to freely enter or exit the school building without risk of injury or embarrassment.

9. In August 2014, plaintiff learned that the defendant owned a stair tracker that it loaned out to another school in previous years and thus defendant subjected plaintiff to humiliation and distress for no reason other than defendant's apparent total disinterest in providing plaintiff with necessary and reasonable accommodations.

10. On August 20, 2014, the Hartford Elementary principal told plaintiff that she could not use the bathroom in plaintiff's classroom due to the lack of grab bars; defendant made no effort to install grab bars in the bathroom in plaintiff's classroom.

11. From August 26, 2014 until September 2, 2014, the defendant scheduled Response to Intervention (RTI) training at Lewis & Clark Elementary; Lewis & Clark Elementary does not have any automatic door openers. At Lewis & Clark Elementary, plaintiff was isolated from her colleagues and the lack of a bathroom equipped for individuals with disabilities caused plaintiff significant embarrassment.

12. On November 24, 2014, Hartford Elementary scheduled a turkey bowling activity in the basement that plaintiff was unable to attend due to lack of access and defendant's ongoing refusal to provide reasonable accommodations.

13. On December 15 and 16, 2014, Hartford Elementary scheduled a Christmas assembly and gingerbread shop in the basement. Plaintiff was again unable to attend due to lack of access and defendants ongoing refusal to provide reasonable accommodations.

14. On December 18, 2014, Hartford Elementary scheduled an all-school movie with treats in the basement. Plaintiff was unable to attend due to lack of access and defendant's ongoing refusal to provide reasonable accommodations.

15. On January 30, 2015, Hartford Elementary scheduled a "snowball" fight activity with crumpled paper in the basement that plaintiff was unable to participate in due to lack of access and defendant's ongoing refusal to provide reasonable accommodations.

16. On February 15, 2015, Hartford Elementary hosted Marshall the Miracle Dog in the basement and again, plaintiff was excluded from this school activity due to lack of access and defendant's ongoing refusal to provide reasonable accommodations.

17. On May 6 and 26, 2015, Hartford Elementary scheduled band concerts in the basement that plaintiff was unable to attend due to lack of access and defendant's ongoing refusal to provide reasonable accommodations.

18. On August 17 and 18, 2015, the defendant scheduled beginning of the year meetings at Lewis & Clark Elementary in the school basement. Plaintiff took the stair tracker to the basement and participated in the meetings. When the meetings were over the janitors who ran the stair tracker were unavailable for over an hour to operate the stair tracker.  After more than an hour, a janitor appeared and operated the stair tracker so plaintiff could return to the first floor; this delay caused plaintiff to be late to her meeting at Hartford Elementary and was humiliating.

19. From September 14, 2015 to September 18, 2015, the defendant scheduled RTI testing at Lewis & Clark Elementary but did not permit plaintiff to participate due to defendant's ongoing refusal to provide reasonable accommodations.

20. Participating in RTI testing is an integral part of plaintiff's job and caused plaintiff to feel even more isolated; the only reason plaintiff was unable to participate in RTI testing was defendant's continued refusal to provide reasonable accommodations.

21. On November 3, 2015, plaintiff filed a charge of discrimination with the EEOC.

22. On November 23, 2015, defendant's principal decided to move the weekly Monday morning meetings upstairs to the school cafeteria, permitting plaintiff to attend.

23. During the week of January 11, 2016, other reading aides were engaged in testing activities all week at Lewis & Clark Elementary; due to defendant's continued refusal to provide reasonable accommodations, plaintiff was not permitted to attend or

participate in testing activities. When plaintiff questioned the principal, she informed plaintiff that it was the superintendent's decision to arrange the testing activities in a manner that excluded plaintiff. Plaintiff is the only RTI aide that was excluded from testing activities which were integral parts of plaintiff's job; excluding plaintiff from testing activities is humiliating and demeaning.

24. Defendant was at all relevant times aware of plaintiff's disability and plaintiff's need for accommodations, and defendant has consistently refused to engage in any meaningful interactive process and/or discussions regarding finding reasonable accommodations.

25. Defendant, at all relevant times, failed to cooperate with plaintiff and failed to engage in good faith in any interactive process to find reasonable accommodations for the disabilities plaintiff experienced.

26. Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to the ADA.

27. Plaintiff is a qualified individual with a disability and was, has been, and is currently fully qualified to perform the essential functions of her job with defendant.

28. Plaintiff seeks injunctive relief enjoining defendant from future violations of the ADA; this injunctive relief includes, inter alia:

    a. Installing and maintaining a chair lift at plaintiff's work locations;

    b. Installing electronic door openers on exterior doors of plaintiff's work location;

    c. Installing handicapped-accessible grab bars and other reasonable equipment and devices in the school and at such locations as are

               necessary to permit plaintiff to perform her job functions;

      d.     Requiring defendant to install and maintain such equipment and devices as the Court and the evidence indicate are necessary consistent with the ADA.

29.     As a direct and proximate result of defendant's violations of the ADA and defendant's refusal to provide reasonable accommodations, plaintiff has experienced humiliation, embarrassment, and emotional distress.

30.     Defendant's conduct is such that punitive damages should and must be assessed against defendant so as to punish this defendant for its ongoing and willful refusal to comply with the ADA.

WHEREFORE, plaintiff respectfully requests this Court find for her and against defendant, award plaintiff compensatory damages for emotional distress, attorneys' fees, and any other legal and injunctive relief this Court deems just, fair, and proper.

                                                  JANE EMERICK

By:    */s/ Lee W. Barron*
         LEE W. BARRON, P.C.
         Lee W. Barron (6195132)
         William D. Buchanan (6312437
         112 Front Street
         Alton, IL 62002
         Phone: 618-462-9160
         Fax: 618-462-9167
         Lee@leebarronlaw.com
         Will@leebarronlaw.com

         ATTORNEYS FOR PLAINTIFF